# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-7V

Filed: August 25, 2025

* * * * * * * * * * * * *
NEENA HARTSHORN,

   Petitioner,

v.            Special Master Roth

SECRETARY OF HEALTH
AND HUMAN SERVICES,

   Respondent.

* * * * * * * * * * * * *

*Bruce W. Slane, Esq.*, The Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Jay T. Williamson, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION DISMISSING CASE[1]

**Roth**, Special Master:

  On January 2, 2018, Neena Hartshorn ("Ms. Hartshorn," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she suffered an on-Table shoulder injury related to vaccine administration, or "SIRVA," as a result of her November 21, 2013, influenza ("flu") vaccination. Petition, ECF. No. 1.

  On June 24, 2025, a Ruling on Onset issued, finding that the onset of petitioner's symptoms began twelve (12) days after her vaccination and outside the 48 hour onset requirement recognized by the Table for a SIRVA claim. The Court accordingly dismissed the on-Table claim for SIRVA. ECF No. 68.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

On August 6, 2025, respondent filed a Motion to Dismiss. Motion, ECF No. 71. Petitioner filed her response to the Motion on August 12, 2025, stating that she would not oppose the Motion to Dismiss. Response, ECF No. 72.

For the reasons detailed below and in consideration of all evidence in the record, I find that petitioner's remaining claim is time-barred. Because petitioner has failed to allege a compensable claim under the Vaccine Act, her petition must be dismissed.

## I.    Procedural History

Pursuant to an amendment to the Vaccine Injury Table, petitioner filed her petition on January 2, 2018, alleging an on-Table claim for SIRVA. ECF No. 1 ¶ 30. Though petitioner's claim would have otherwise been untimely, the amendment to the Vaccine Table, pursuant to § 16(b), permitted her claim to proceed. ECF No. 68 at 2 fn. 4.

The petition was initially assigned to the Special Processing Unit ("SPU"). *See* Petition, ECF No. 1. Petitioner filed medical records and affidavits on January 22, 2018. Petitioner's Exhibits ("Pet. Ex.") 1-9, ECF No. 7.

Respondent filed his Rule 4(c) Report ("Resp. Rpt") on December 19, 2018, arguing that this was not an on-Table SIRVA claim. Resp. Rpt at 1, ECF No. 19.

The matter was reassigned to me on March 18, 2019. ECF No. 21.

Petitioner requested a fact hearing to determine the date of onset. ECF No. 27. The hearing was held virtually on May 4, 2025. ECF No. 50. Following the hearing, petitioner was ordered to file additional outstanding medical records, personal records, certain insurance claims, and any applications and findings for disability benefits. ECF No. 48. Petitioner complied with this order and submitted additional evidence on December 14, 2021, and September 9, 2022. ECF Nos. 56-57, 61.

On September 12, 2022, petitioner confirmed that she filed all evidence she intended to file for purposes of a Fact Ruling. ECF No. 63. On October 12, 2022, respondent indicated that he was satisfied the record was complete. ECF No. 64. The Court closed the record to additional evidence on October 12, 2022. ECF No. 65.

On June 24, 2025, the Court issued its Ruling on Onset, dismissing petitioner's on-Table SIRVA claim due to preponderant evidence supporting that onset occurred outside the 48-hour window required for a SIRVA. ECF No. 68. The parties were ordered to file a joint status report notifying the Court of how the parties wished to proceed. *Id.*

On July 24, 2025, the joint status report was filed informing the Court that respondent had rejected settlement negotiations and notified petitioner of his intention to file a Motion to Dismiss the petition. ECF No. 70. Subsequently, respondent filed the instant Motion to Dismiss on August 8, 2025. ECF No. 71. Petitioner responded on August 12, 2025, indicating that she would not oppose respondent's Motion. ECF No. 72.

The matter is now ripe for a Decision.

## II.     Factual Background

Much of the relevant factual background has been thoroughly addressed in the Court's Ruling on Onset. ECF No. 68. Nevertheless, the relevant facts for resolving the instant Motion are as follows.

On November 21, 2013, petitioner received a flu vaccine in her left deltoid. ECF No. 68 at 32. Petitioner, who typically kept a detailed daily journal[3] concerning her life and various health issues, did not note any adverse effects of the vaccine until her call to her PCP on December 3, 2013, twelve (12) days after her vaccination. *Id.* On December 3, 2013, petitioner reported the onset of left arm pain and described what was determined to be cellulitis at the injection site. *Id.* at 33. Petitioner's PCP prescribed cephalexin and prednisone in turn. She did not communicate with or present to any physician again until January 7, 2014, following a fall while ice-skating. *Id.* There were no journal entries in the days following her vaccination concerning arm or shoulder pain. Her first entry was on December 31, 2013. *Id.* At no time did petitioner mention immediate shoulder pain upon vaccination or give any indication of onset occurring before December 3, 2013.

## III.    Analysis

### a. As noted in the Ruling on Onset, petitioner's Table claim fails because her symptoms did not occur within the specified time-frame.

To be considered a "Table SIRVA," petitioner must meet four elements: 1) "No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;" 2) "Pain occurs within the specified time-frame;" 3) "Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and 4) "No other condition or abnormality is present that would explain the patient's symptoms." 42 C.F.R. § 100.3(c)(10); *see Torres v. Sec'y of Health & Hum. Servs.*, No. 19-540V, 2025 WL 1806499, at *1 (Fed. Cl. Spec. Mstr. June 3, 2025) (explaining that each and every requirement must be met to demonstrate a Table claim).

The Vaccine Injury Table lists a Shoulder Injury Related to Vaccine Administration or "SIRVA" as a compensable injury if it occurs within forty-eight hours of vaccine administration. § 300aa-14(a) as amended by 42 C.F.R. § 100.3. But here, based on preponderant evidence, including petitioner's own journals and contemporaneous medical records, the Court found petitioner's left arm pain and other relevant symptoms began on December 3, 2013, twelve (12) days following vaccination. ECF No. 68 at 34. Petitioner therefore could not meet element two of the Table SIRVA requirements and thus failed to demonstrate a Table SIRVA claim.

---

[3] Because petitioner's journal was clearly meant to be kept private, I found the journal to be particularly persuasive, as noted in the Ruling on Onset. ECF No. 68 at 4.

### b. Even if petitioner had made an off-Table claim, that claim would be time-barred.

Because petitioner's on-Table claim was dismissed for failing to demonstrate onset within the required time-frame, her only remaining opportunity for compensation would have been to pursue an off-Table claim. However, that claim is time time-barred.

Typically, § 16 of the Vaccine Act mandates that "no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom." Petitioner filed the instant action on January 2, 2018, more than four years after she received the relevant vaccine on November 21, 2013. ECF No. 1; Pet. Ex. 3. Thus, all of petitioner's claims stemming from her November 2013 vaccination would have been time-barred, but for the revision to the table as more specifically explained below.

Section 16(b) permits claims after the applicable 36-month post-vaccine window if "the Vaccine Injury Table is revised and the effect of such revision is to permit an individual who was not, before such revision, eligible to seek compensation under the Program, or to significantly increase the likelihood of obtaining compensation." This section pertains to two categories of claimants: 1) those individuals not previously eligible to seek compensation under the Program, and 2) those individuals whose likelihood of obtaining compensation has significantly increased. "The first application, where eligibility is new, 'has been held to apply when a new vaccine is added to the table thereby creating eligibility for Program compensation.'". The second application, when eligibility is 'significantly increase[d],' 'has been held to apply when a new vaccine injury is added to the Table.'" *Rance v. Sec'y of Health & Hum. Servs.*, No. 18-222V, 2023 WL 6532401, at *22 (Fed. Cl. Spec. Mstr. Sept. 11, 2023) (citing *Simpson v. Sec'y of Health & Hum. Servs.*, No. 17-944V, 2019 WL 11815360, at *4 (Fed. Cl. Spec. Mstr. Aug. 7, 2019)). In either case, § 16(b) permits such claims to be filed "not later than 2 years after the effective date of the revision," so long as the injuries did not occur "more than 8 years before the date of the revision of the table." This grace period following a Table revision is often called "the look-back provision."

On March 21, 2017, the Vaccine Injury Table was amended to include SIRVA as a presumptive injury for intramuscularly injected vaccines if, among other requirements, the first symptom or manifestation of onset of the condition occurs within forty-eight hours of vaccination. *See* 42 C.F.R. § 100.3(a)(XIV)(B). As stated in the Table's Qualifications and Aids to Interpretation ("QAI"), "SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm." 42 C.F.R § 100.3(c)(10). The amended Table governs petitions filed on or after March 21, 2017, the effective date of the final rule. 42 C.F.R. § 100.3(e)(1); 82 Fed. Reg. 11321 (Feb. 22, 2017) (announcing "that the effective date is delayed until March 21, 2017").

Petitioner's Table claim was timely filed on January 2, 2018, within two years of the effective date of the revision. Additionally, petitioner's injuries began on December 3, 2013, within the eight-year look-back period of § 16(b)(2). However, the Court dismissed petitioner's Table claim on the merits on June 24, 2025, for failure to satisfy the onset requirement. ECF No. 68.

4

The remaining question, therefore, is whether the look-back provision may save an off-Table (causation-in-fact) claim or whether that provision applies exclusively to on-Table claims. I find that petitioner may not rely upon the look-back provision to save her otherwise time-barred causation-in-fact claim for the following reasons.

Chiefly, there was no legal impediment to petitioner filing an off-Table arm injury claim within the three-year statute of limitations. The amendment to the Table did not "create out of whole cloth a new kind of cognizable injury." *Randolph v. Sec'y of Health & Hum. Servs.*, No. 18-1231V, 2020 WL 542735, at *10 (Fed. Cl. Spec. Mstr. Jan. 2, 2020) (finding that the look-back provision could not be used to save an off-Table claim). Indeed, respondent historically conceded entitlement to compensation for flu-vaccine recipients claiming SIRVA even before the amendment of the Table. *See, e.g., Watkins v. Sec'y of Health & Hum. Servs.*, No. 16-159V, 2016 WL 3091945, at *1 (Fed. Cl. Spec. Mstr. Apr. 15, 2016); *Vanderpool v. Sec'y of Health & Hum. Servs.*, No. 15-1400V, 2016 WL 2641281, at *1 (Fed. Cl. Spec. Mstr. Feb. 17, 2016); *Guyer v. Sec'y of Health & Hum. Servs.*, No. 15-0448V, 2015 WL 5168357, at *1 (Fed. Cl. Spec. Mstr. Aug. 13, 2015). Thus, petitioner was eligible to seek compensation under the Program before the amendment.

Additionally, petitioner's likelihood of obtaining compensation did not significantly increase under the meaning of § 16(b). When a new injury is added to the Table, it significantly increases the likelihood of compensation *for those who meet the Table requirements*. But "[w]hen the question in a Program case is 'actual causation,' it is irrelevant whether the injury in question is similar to a 'Table Injury. . . .' Therefore, the Table revision in question would *not* in a practical sense affect in any way" a causation-in-fact claim. *Gorski v. Sec'y of Health & Hum. Servs.*, No. 97-156V, 1997 WL 739497, at *5 (Fed. Cl. Spec. Mstr. Nov. 13, 1997) (rejecting the argument that amending the Table to include a new injury "add[ed] weight to the 'actual causation' argument of *any* person who developed" the new injury following vaccination). The only claims benefitted by Table amendments are those which fit the Table requirements; the validity of other off-Table claims remains unaffected. *Id.* at *6 ("[T]he benefit of the extended limitations period would be available only if petitioner could show that her injury fits within the new 'Table Injury' category.).

I will note that there is currently a divide among my colleagues as to whether the look-back provision may save off-Table claims. The consensus is currently that off-Table claims may not take advantage of the look-back provision. *See, e.g., Gorski*, WL 739497; *Muchnick v. Sec'y of Health & Hum. Servs.*, No. 97-89V, 1998 WL 1012801 (Fed. Cl. Spec. Mstr. July 15, 1998); *K.G. v. Sec'y of Health & Hum. Servs.*, No. 18-120V, 2018 WL 5795834 (Fed. Cl. Spec. Mstr. Aug. 17, 2018). However, there is dissent. Most notably, in *Simpson v. Sec'y of Health & Hum. Servs.*, No. 17-944V, 2019 WL 11815360, at *6 (Fed. Cl. Spec. Mstr. Aug. 7, 2019), the special master held that the petitioner could proceed on an otherwise out-of-date off-Table claim by relying on the look-back provision. However, the *Simpson* Court distinguished its facts from the litany of cases holding that the look-back provision does not apply to off-Table claims. In *Simpson*, the petitioner's onset of Guilain-Barré syndrome occurred 47 days after vaccination, just five days past eligibility for a Table claim, while the claims in *Gorski*, *Muchnick*, and *K.G.* were significantly more temporally distant. Even if the undersigned was persuaded by the reasoning in *Simpson*, petitioner's 12-day onset here exceeded the Table claim of 48 hours by a factor of six, a far cry

5

from the relatively close temporal proximity to a Table claim in *Simpson*. *See* ECF No. 68 at 34; 42 C.F.R. § 100.3(c)(10).

Further, I have previously held that a petitioner may not rely upon the look-back provision of § 16(b) to save an untimely filed causation-in-fact claim. *Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2022 WL 1078175, at *6 (Fed. Cl. Feb. 16, 2022) ("The lookback provision was not meant to save untimely filed non-Table claims which could have been filed prior to the Table revision."). I find no reason to disturb that holding here.

Thus, because petitioner's claim is off-Table, she may not rely on the look-back provision of § 16(b) to save her time-barred claim.

## IV.    Conclusion

Upon careful evaluation of all the evidence submitted in this matter, I find that petitioner's off-Table claim is time-barred. Thus, petitioner's claim must be dismissed. **The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.