# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-7V
Filed: March 31, 2026

```
* * * * * * * * * * * * * * *
NEENA HARTSHORN,                      *
                                      *
               Petitioner,            *
v.                                    *
                                      *
SECRETARY OF HEALTH                   *
AND HUM. SERVICES,                    *
                                      *
               Respondent.            *
                                      *
* * * * * * * * * * * * * * *
```

*Bruce W. Slane, Esq.,* The Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Jay T. Williamson, Esq.,* US Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 2, 2018, Neena Hartshorn ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered an on-Table shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine on November 21, 2013. Petition, ECF No. 1. She also alleged that subsequent flu vaccines she received on September 10, 2014, and October 14, 2015, aggravated her original SIRVA injury. *Id*.

On June 24, 2025, the Court issued its Ruling on Onset, dismissing petitioner's on-Table SIRVA claim due to preponderant evidence supporting that onset occurred outside the 48-hour window required for a SIRVA. ECF No. 68. The parties were ordered to file a joint status report

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

notifying the Court of how the parties wished to proceed. *Id*. On July 24, 2025, the joint status report was filed informing the Court that respondent had rejected settlement negotiations and notified petitioner of his intention to file a Motion to Dismiss the petition. ECF No. 70. Subsequently, respondent filed a Motion to Dismiss on August 8, 2025. ECF No. 71. Petitioner responded on August 12, 2025, indicating that she would not oppose respondent's Motion. ECF No. 72. A decision dismissing petitioner's claim issued on August 25, 2025. ECF No. 73.

On March 30, 2026, petitioner filed a Motion for Attorneys' Fees and Costs. ECF No. 76. Attached to this motion was a complete billing history in this case, an invoice of costs and expenses, and a declaration that petitioner had not personally incurred any costs. *Id*. In the Motion, petitioner averred that the parties had conferred and agreed to a lump sum amount to satisfy petitioner's fees and costs. Petitioner noted that respondent confirmed that the statutory requirements for fees and costs had been satisfied and that he raised no objections to good faith or reasonable basis. *Id*. at 8. A subsequent joint status report confirmed that, while petitioner originally sought a total of $67,973.47 in fees and costs, the parties ultimately agreed to a lump sum total of $47,581.70. ECF No. 78.

Having considered the entirety of the record, including petitioner's documented billing records and costs, I find that the statutory requirements for an award of fees and costs are met. I also find the total sum to be awarded to be reasonable.

Based on the foregoing, and as agreed upon by the parties, petitioner is hereby awarded a **total of $47,581.70 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).